**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2241
_____

AHMET KURUCA,
                              Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-530-855)
Immigration Judge:  Honorable Alberto Riefkohl

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2013

Before: CHAGARES, GARTH and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 5, 2013 )
_____

OPINION
_____

PER CURIAM

Ahmet Kuruca petitions for review of a final order of removal issued by the Board

of Immigration Appeals (BIA). For the reasons set out below, we will deny the petition for review.

Kuruca is a citizen of Turkey. He entered the United States in 2008 without being admitted, was apprehended by the Department of Homeland Security, and was charged with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an alien who, at the time of his application for admission, was not in possession of a valid, unexpired immigrant visa. Kuruca conceded that he was removable as charged, but applied for asylum and withholding of removal.[1]

Before an Immigration Judge (IJ), Kuruca testified in support of his asylum and withholding-of-removal applications. He claimed that, in 2004, a coworker asked him to join the Kurdistan Workers' Party ("PKK"). Kuruca refused, because he disagreed with the group's methods. Sometime later, three PKK members, upset by Kuruca's rejection of their overture, attacked him when he was leaving work, knocking him unconscious, breaking his "finger bones," and injuring his neck and nose. Because of this incident, Kuruca left his job. Nevertheless, other PKK members continued to harass him: they passed threats to him through his friends, and once, they confronted him at a bus stop, grabbed his arms, and threatened to harm him (but did not actually do so). As a result, Kuruca left Turkey.

---

[1] Before the agency, Kuruca also sought protection under the Convention Against Torture. However, because he has not challenged the agency's denial of this claim, we will not consider it here. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994).

2

The IJ concluded that Kuruca was removable, finding that he failed to meet his respective burdens of proof for asylum and withholding of removal. The BIA then dismissed Kuruca's appeal, concluding that the harm that Kuruca had suffered did not rise to the level of past persecution and that Kuruca had not shown that he would suffer future persecution if removed to Turkey. The BIA further found that Kuruca had failed to show that the alleged persecution was perpetrated by forces the government was unable or unwilling to control. Kuruca then filed a timely petition for review to this Court.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA issued its own opinion, we review its decision rather than the IJ's. Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). We must uphold the agency's factual findings, including its findings as to whether Kuruca has demonstrated past persecution or a well-founded fear of future persecution committed by forces the government is unwilling or unable to control, if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003); see also Fiadjoe v. Att'y Gen., 411 F.3d 135, 153 (3d Cir. 2005). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B).

Here, Kuruca spends the majority of his brief arguing that the IJ erred in faulting him for not providing corroborating evidence. However, this argument does not advance Kuruca's cause: because the BIA did not adopt or defer to the IJ's findings concerning

3

corroboration in the order dismissing the appeal, those findings are not before us. See

Kayembe, 334 F.3d at 234-35; see also Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d

Cir. 2007).

Kuruca's only other argument is that the BIA erred in concluding that he failed to

establish that he has suffered past persecution.[2] To be eligible for relief due to past

persecution, aliens must show, among other things, that they were victims of "an

incident, or incidents, that rise to the level of persecution." Gao v. Ashcroft, 299 F.3d

266, 272 (3d Cir. 2002) (internal quotation marks omitted). We have explained that

"persecution" includes only "extreme conduct" such as "threats to life, confinement,

torture, and economic restrictions so severe that they constitute a threat to life or

freedom." Fatin v. I.N.S., 12 F.3d 1233, 1240 & n.10 (3d Cir. 1993).

Here, while we do not discount the harm that Kuruca suffered, we cannot say that

the record compels the conclusion that this harm rose to the level of past persecution.

Kuruca's claim is based primarily on one attack, which resulted in his sustaining a broken

finger (or broken fingers) and abrasions. We have previously upheld agency findings that

single assaults causing injuries of a similar magnitude did not constitute past persecution.

See Kibinda v. Att'y Gen., 477 F.3d 113, 119 (3d Cir. 2007) (five-day detention and

beating that required stitches and left a scar did not constitute persecution); Lie v.

Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (knife wound requiring several stitches did

---

[2] Therefore, we do not consider the BIA's holding that Kuruca failed to establish a well-founded fear of future persecution. See supra note 1.

not constitute persecution); see also Voci v. Gonzales, 409 F.3d 607, 615 (3d Cir. 2005) ("[O]ur cases suggest that isolated incidents that do not result in serious injury do not rise to the level of persecution."). The subsequent unfulfilled threats and brief run-in at the bus stop do not meaningfully change this calculus. See, e.g., Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005). Therefore, substantial evidence supports the BIA's denial of Kuruca's claim of past persecution, which is fatal to his asylum and withholding-of-removal claims.

It is well established that "as with any claim of persecution, violence or other harm perpetrated by civilians against the petitioner's group does not constitute persecution unless such acts are committed by the government or forces the government is either unable or unwilling to control." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (internal quotation marks omitted).

Kuruca's claims also fail for an additional reason: Where, as here, the alleged persecution "was not conducted directly by the government or its agents, the petitioner must also establish that it was conducted by forces the government is unable or unwilling to control." Valdiviezo-Galdamez v. Att'y Gen., 663 F.3d 582, 591 (3d Cir. 2011) (internal quotation marks omitted). Here, as the BIA concluded, Kuruca's claim is undermined by the 2009 State Department Report, which states that the Turkish government is actively combating the PKK. Moreover, while Kuruca complains that the police did not properly respond after he reported being attacked, the evidence reveals that the police took a statement from him, transported him to the hospital, went to the location

5

of the attack to look for the perpetrators, and ultimately detained three individuals, but did not file charges. The mere fact that the police, after conducting a meaningful investigation, did not bring charges does not compel a conclusion that the government is unable or unwilling to control the PKK. See Nahrvani v. Gonzales, 399 F.3d 1148, 1154 (9th Cir. 2005). Therefore, substantial evidence likewise supports the BIA's conclusion on this ground.

Accordingly, we will deny Kuruca's petition for review.